UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY L. ROBERTS,

    Petitioner,

v.                                             Case No. 08-C-808

LARRY L. JENKINS,

    Respondent.

**ORDER**

On September 25, 2008, Anthony Roberts filed this petition pursuant to 28 U.S.C. § 2254, asserting that his current confinement violates the Constitution.[1] Roberts is currently incarcerated at the Redgranite Correctional Institution. Under Rule 3 of the Rules Governing § 2254 Cases, the petitioner is required to file an affidavit of indigence as required by § 1915. Roberts claims he is unable to pay the filing fee because he is incarcerated and unemployed, and has no income or assets. Roberts initially submitted a Trust Account Activity Statement, though it was not his. (Dkt. #6 at 1.) He has since provided a copy of his Trust Account Activity Statement. (Dkt. #8.)

Unlike the filing fee for other civil actions, the filing fee for a petition seeking habeas corpus is only $5.00. 28 U.S.C. § 1914(a). On October 28, 2008, the Court ordered Roberts to pay the fee

---

[1] As his initial petition was not made on the form required by Civil L.R. 9.1, after direction from the clerk Roberts filed a petition complying with the rule on October 14, 2008.

within 30 days. (Dkt. # 9.) Roberts has since provided the Court with more information regarding his financial situation. (Dkt. # 10.) It appears that Roberts lacks sufficient funds to pay even the $5.00 filing fee. His account statement shows his balance as of October 20, 2008, was only $0.60. He is also indebted $31.79 for medical and legal loans, and he has not received any incoming gifts since March or April of 2008. (Dkt. # 10-2 at 3.) I am satisfied that he lacks sufficient funds to proceed here. Accordingly, his request to proceed without prepayment of costs will be granted.

Turning to the substance of the petition, I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Roberts claims that he is being confined under an unconstitutional sentence. He contends he was sentenced in Wisconsin state court for drug offenses on December 20, 1991, with an indeterminate sentence of no more than 25 years.[2] According to his petition, Roberts was granted discretionary parole on January 2, 1998. He was then re-incarcerated on October 19, 2007, and his parole was revoked on December 10, 2007. Roberts alleges that he was told by the Wisconsin

---

[2] Review of the Wisconsin Circuit Court Access website reveals that he was actually sentenced in Dane County Case No. 1991CF001903 on June 16, 1993. *See* http://wcca.wicourts.gov/caseDetails.do;jsessionid=C6F05D586DDDA7E736C3CA857E554215.render1?countyNo=13&caseNo=1991CF001903&cacheId=C260120DC43F8CFCDD418198C86A93B8&recordCount=64&offset=61&mode=charges (last visited November 7, 2008).

Department of Corrections ("DOC"), that his maximum discharge date would be increased in excess of ten years. It is not clear under what authority this extension was made, though it appears Roberts is alleging the DOC found he forfeited some or all of the "good time" he had accrued while in a parole status. Roberts' petition can be construed as a disagreement with the "sentence" that resulted in a loss of good time credits he forfeited after his parole was revoked, thus extending his period of incarceration. Roberts claims his confinement is unconstitutional as his maximum discharge date has been extended beyond the 25 years to which he was originally sentenced.

Roberts advances a challenge to the duration of his confinement, even though he has yet to reach the maximum term of his original sentence. Habeas corpus provides the exclusive remedy for state prisoners making a challenge to the duration of their confinement. *See Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004). To the extent Roberts claims the duration of his confinement is unconstitutional based upon denial of good time credits he received while on parole, he articulates a claim properly considered under 28 U.S.C. § 2254. The Supreme Court has held habeas corpus to be the appropriate remedy for petitioners seeking restoration of good time credits that would either bring about an immediate release or simply reduce shorten the amount of time in confinement. *Preiser v. Rodriguez*, 411 U.S. at 487-89 (1973); *see also Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990) (indicating that habeas petition is proper procedural vehicle to challenge a loss of good-time credits). Roberts presents at least a colorable constitutional issue.

Regarding exhaustion, an application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process

ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted). A petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Correctional Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990).

Roberts has exhausted his state remedies, as he petitioned the Wisconsin Supreme Court for habeas corpus relief. His petition was denied by the Wisconsin Supreme Court on August 15, 2008. Roberts has therefore set forth a cognizable constitutional claim and exhausted his available state remedies.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's

4

answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

**FURTHER, IT IS ORDERED** that petitioner's request for leave to proceed *in forma pauperis* is **GRANTED**.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

5

Case 1:08-cv-00808-WCG   Filed 11/12/08   Page 5 of 6   Document 11

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this   12th   day of November, 2008.

s/ William C. Griesbach  
WILLIAM C. GRIESBACH  
United States District Judge