UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY L. ROBERTS,

        Petitioner,

v.                                                Case No. 08-C-808

LARRY L. JENKINS,

        Respondent.

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

Anthony L. Roberts has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his current confinement in a Wisconsin prison violates the Constitution. Roberts is incarcerated at the Redgranite Correctional Institution. Roberts challenges the revocation of his parole and the corresponding determination of the amount of "good time" credit forfeited as a result. This matter is before the Court on respondent Larry L. Jenkins' motion to dismiss. For the reasons stated below, the motion is granted.

**BACKGROUND**

Roberts was convicted in Dane County Circuit Court on June 16, 1993 of one count of delivering over forty grams of cocaine, as party to the crime and as a repeat offender, and one count of a tax stamp violation, as a repeat offender. (Doc. # 15-1.) He was sentenced to twenty-five years for the cocaine offense and a concurrent three-year term for the tax stamp violation. (*Id.*) Roberts filed a direct appeal from his conviction claiming his Sixth Amendment right to self-representation

had been denied. The Wisconsin Court of Appeals affirmed the conviction on February 2, 1995. (Doc. # 15-4.)

Roberts was granted parole on January 2, 1998. (Doc. # 15-2.) After Roberts violated the conditions of his parole in October 2007, his parole was administratively revoked in December 2007. (Doc. # 15-7.) Roberts was ordered reincarcerated for an additional five years, eight months and six days. (Id. at 3; Doc. # 15-3.) The revocation order was affirmed on administrative appeal on January 7, 2008. (Doc. # 15-8.) Roberts' maximum discharge date at the time of his conviction was to occur in 2016, though after his parole was revoked and good time credits forfeited, it was extended to 2026 with his eligibility for parole beginning on April 25, 2008. (Doc. # 17 at 6.)

Roberts sought a writ of certiorari from the Dane County Circuit Court challenging the administrative order revoking his parole on April 11, 2008, more than ninety days after the revocation order became final. His petition was dismissed on October 7, 2008, for failing to accomplish service on the respondent. (Doc. # 15-9.) Roberts did not appeal this dismissal order to the Wisconsin Court of Appeals. Prior to the denial of his petition, Roberts filed an original state habeas corpus action with the Wisconsin Supreme Court on May 20, 2008. (Doc. # 15-5.) The Wisconsin Supreme Court summarily denied his petition for the writ *ex parte* on August 15, 2008. (Doc. # 15-6.)

**ANALYSIS**

The respondent argues that Roberts has procedurally defaulted on the claims raised in his petition. An application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no

2

available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The petitioner must allow the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted). A petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Cruz v. Warden of Dwight Correctional Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990).

Closely related to the doctrine of exhaustion is the doctrine of procedural default, which like the exhaustion doctrine is grounded in principles of comity, federalism, and judicial efficiency. *Dretke v. Haley*, 541 U.S. 386, 388 (2004). The procedural default doctrine will normally preclude a federal court from reaching the merits of a habeas claim when either (1) that claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds, or (2) the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred. *See Coleman v. Thompson*, 501

3

U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989); *Conner v. McBride*, 375 F.3d 643, 648 (7th Cir. 2004). Thus, when a habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim. *O'Sullivan*, 526 U.S. at 853-54.

Here, the respondent asserts Roberts procedurally defaulted on his claims by failing to properly seek judicial review by the trial court of the revocation order and by failing to seek appellate review of the trial court's dismissal of his petition. Roberts sought and obtained administrative review of the order revoking his parole. The administrator affirmed the order of revocation on January 7, 2008. The Appeal Decision contained a "Notice of Appeal Rights" that explained that judicial review was available by writ of certiorari in the county of conviction. The Notice expressly stated that any action seeking certiorari must be commenced within 45 days of the decision to be reviewed. The Notice also stated that the Petition seeking such relief should name the division administrator as the respondent and must be filed in the appropriate court and then served on the Division of Hearings and Appeals at a listed address. Wis. Stat. § 893.735; *State ex re. Cramer v. Court of Appeals*, 2000 WI 86, ¶ 28, 236 Wis. 2d 473, ¶ 28, 613 N.W.2d 591, ¶ 28 (Wis. 2000). Notwithstanding the Notice, Roberts failed to file his petition for certiorari until April 11, 2008, some 95 days after the administrator's decision, and then failed to serve a copy on the respondent. Based on Roberts' failure to serve his petition on the respondent, the trial court dismissed the petition on October 7, 2008, without reviewing the record or considering the merits of Roberts' challenge.

4

From the foregoing, it necessarily follows that Roberts failed to properly petition the state trial court for certiorari review of the adverse administrative decision revoking his parole and recalculating his "good time" credits. He also failed to seek state appellate review of the dismissal of his petition for certiorari. In order to present his claim to the state courts, Roberts was required to exhaust one complete round of state appellate review before seeking federal habeas relief. *O'Sullivan*, 526 U.S. at 845. Thus, Roberts has failed to "fairly present" his constitutional challenges to the parole revocation order "to all levels of the state judiciary." *Lockheart v. Hulick*, 443 F.3d 927, 929 (7th Cir. 2006). Roberts' habeas challenge filed in the Wisconsin Supreme Court, which was summarily rejected for unspecified reasons, does not cure his procedural defaults in the lower courts. Further, it is clear that Wisconsin courts would now hold the claim procedurally barred, as Roberts failed to properly petition for review of the revocation order within the forty-five days permitted by Wisconsin law. *See* Wis. Stat. § 893.735(2) ("An action seeking a remedy available by certiorari made on behalf of a prisoner is barred unless commenced within 45 days after the cause of action accrues.") Roberts has therefore procedurally defaulted his challenges to the revocation of his parole and the forfeiture of his "good time" credits.

Despite this procedural default, I may consider the merit of his claims if Roberts either demonstrates cause for his default and prejudice resulting therefrom, or that a miscarriage of justice will result if I do not. *Anderson v. Benik*, 471 F.3d 811, 815 (7th Cir. 2006). As the Seventh Circuit has explained, "[e]stablishing cause ordinarily requires demonstrating an external obstacle preventing the petitioner from fairly presenting the federal claim in state court, and actual prejudice, not merely a possibility of prejudice, is required. The miscarriage-of-justice-exception applies when the petitioner can demonstrate that he is actually innocent." *Id*. (internal citation omitted).

5

In this case Roberts has not demonstrated cause for his default as he has made no attempt to show that an external obstacle prevented him from fairly presenting his claims in state court.[1] Finally, Roberts has made no contention that he is innocent. Roberts does not challenge his conviction and sentence based upon an allegation of innocence, but only the revocation of his parole and its effect on extending his maximum discharge date. Accordingly, he has failed to establish cause for his procedural default or a potential miscarriage of justice and his claims must be dismissed. Respondent's motion is **GRANTED** and Roberts' petition is dismissed with prejudice.

**SO ORDERED** this    20th    day of January, 2009.

    s/ William C. Griesbach
    WILLIAM C. GRIESBACH
    United States District Judge

---

[1] As Roberts has not demonstrated cause, I need not address whether he has also demonstrated prejudice.