UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY L. ROBERTS,

        Petitioner,

  v.                                        Case No. 08-C-808

LARRY L. JENKINS,

        Respondent.

**ORDER**

Anthony L. Roberts has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his current confinement in a Wisconsin prison violates the Constitution. In my order of January 20, 2009, I granted the respondent's motion to dismiss the petition for procedural default and judgment was entered that same day. (Docs. # 20, 21.) On January 22, 2009, Roberts filed a motion for relief and a brief in support of his petition, even though he had already filed a response to the respondent's motion to dismiss on January 6, 2009. Roberts also filed a motion to alter judgment on January 28, 2009, which was denied by margin order on January 30, 2009. As I have already dismissed his petition, I will treat Roberts' filings of January 22, 2009 as a motion for reconsideration.

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D.Ill. 1976), *aff'd* 736 F.2d 388

(7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D.Ill. 1997)). Because the conditions that would justify granting a motion to reconsider are rarely present, such motions are disfavored and should be equally rare. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Roberts' submissions contain no new evidence and point to no controlling law that would allow his habeas petition to be revived. Nothing Roberts presents alters the analysis or outcome of my prior order. Roberts focuses on the fact he believes his sentence has been extended unconstitutionally and that the respondent has used "smoke and mirrors" to convince the Court that habeas relief should be denied. (Doc. # 22 at 2.) Roberts presents nothing to show that his petition was not properly dismissed for his procedural default.

**IT IS THEREFORE ORDERED** that petitioner's motion for relief is **DENIED**.

Dated this     30th     day of January, 2009.

                                               s/ William C. Griesbach
                                               WILLIAM C. GRIESBACH
                                               United States District Judge