UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY L. ROBERTS,

        Petitioner,

v.                                         Case No. 08-C-808

LARRY L. JENKINS,

        Respondent.

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Anthony L. Roberts filed a request for a certificate of appealability and a notice of appeal in the above matter. (Docs. # 25, 26.) This Court previously dismissed Roberts' petition for a writ of habeas corpus and a certificate of appealability is required in order for him to appeal his case. 28 U.S.C. § 2253(c)(1). Roberts' notice of appeal indicates he intends to appeal both the dismissal of his petition and the order denying his motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). (Doc. # 25.)

The certificate of appealability may issue only if the applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is

straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

The analysis changes when the district court denied the petition on procedural grounds without reaching the merits of the constitutional claim. When this is the case, the "substantial showing" the prisoner must make to obtain a certificate of appealability is that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Before a certificate of appealability can issue for a petition dismissed on procedural grounds a court must therefore direct its attention to both the underlying constitutional claim and the district court's procedural holding. *Id.* at 484-85. "[A] court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. If the district court correctly invokes a "plain procedural bar" present in the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* at 484.

Here, Roberts maintains that the extension of his current maximum discharge date as a result of the revocation of his parole and his loss of "good time" credits violates his constitutional rights. Roberts challenges the Court's dismissal of his petition as a result of his procedural default and argues that he exhausted his remedies in state court. He contends that in the order dismissing his petition the Court erroneously noted the date on which Roberts filed a petition for certiorari with the state trial court regarding his revocation. Roberts claims that although the order stated he filed on April 11, 2008, he actually filed the petition on January 30, 2008. I note that the decision of the trial court itself indicated that Roberts filed the action on April 11, 2008. (Doc. # 15-9.) In any event, Roberts' assertion that the

2

Court's order included a wrong date is irrelevant, as the timing of his filing the action in state court was not the reason for dismissal of his petition. The reason Roberts' petition was dismissed by the state court was that he failed to accomplish service on the respondent. Roberts' bare assertion that the Court made "incorrect statements" regarding the filing date of his petition in state court does nothing to change my analysis that his federal habeas petition was properly dismissed for procedural default.

Roberts also alleges that the Court's dismissal of his petition on January 20, 2009 for procedural default cannot be reconciled with its order which examined his petition under Rule 4 of the Rules Governing § 2254 Cases on November 12, 2008. In my earlier order, I noted that it appeared Roberts had exhausted his state remedies, as his petition indicated he had unsuccessfully sought habeas relief in the Wisconsin Supreme Court. (Doc. # 11 at 4.) Orders under Rule 4 are preliminary in nature, as at that stage in the habeas proceedings the respondent has not yet weighed in on the petition. Once a petition survives Rule 4 scrutiny, the respondent must answer the complaint and "state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Rule 5(b) of the Rules Governing § 2254 Cases. Roberts therefore cannot contend that my preliminary conclusion on Rule 4 review that he had exhausted his remedies in the Wisconsin courts must be the final word on the matter, as the rules requires the respondent to bring to the attention of the habeas court whether there is a failure to exhaust state remedies or whether a procedural bar applies.

Nothing Roberts presents disturbs my confidence in the fact that his federal habeas petition was properly dismissed as a result of his procedural default in the Wisconsin courts. Roberts claims to have filed his petition for review of his revocation order with the state trial court about two and a half months earlier than the record of his state court proceedings reflects, but he presents nothing to show that he ever properly sought judicial review by the trial court of the revocation order or that he appealed the trial

3

court's dismissal. I conclude that a "plain procedural bar" prevents Roberts from obtaining federal habeas relief. Therefore, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack* 529 U.S. at 484.

Accordingly, the certificate of appealability is **DENIED.**

**SO ORDERED** this   5th   day of February, 2009.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge